UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HOMER PHARES, | ) |
| Petitioner, | ) ) ) |
| v. | ) ) No. 4:24-cv-00925-RHH |
| MICHELE BUCKNER, | ) ) ) |
| Respondent. | ) ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Homer Phares's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus. (ECF No. 1). For the reasons stated below, the Court will summarily dismiss the petition under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts.

**Background and Petition**

Phares is incarcerated at the South Central Correctional Center in Licking, Missouri. He challenges his September 21, 2015 sentence and conviction in *State v. Phares*, No. 09D9-CR00398-01 (24th Jud. Cir. 2013). The Missouri Court of Appeals affirmed the judgment on November 15, 2016, and Phares did not seek transfer to the Missouri Supreme Court.

Phares filed a motion to vacate, set aside, or correct the judgment or sentence on February 21, 2017. *See Phares v. State*, No. 17WA-CC00059 (24th Jud. Cir. 2017). The Missouri Court of Appeals affirmed the denial of that motion on August 7, 2018, and issued its mandate on August 31, 2018.

Phares filed a state habeas action on December 13, 2019. *See Phares v. Buckner*, No. 19TE-CC00446 (25th Jud. Cir. 2019). The court denied the petition on January 30, 2020. Phares then

filed a second petition for writ of habeas corpus on September 25, 2020. *See Phares v. Buckner*, No. 20TE-CC00293 (25th Jud. Cir. 2020). The state court denied that petition on October 29, 2020. Phares filed his third petition for writ of habeas corpus on June 25, 2021. *See Phares v. Buckner*, No. 21TE-CC00207 (25th Jud. Cir. 2021). The trial court denied the petition on September 3, 2021. Lastly, Phares sought habeas relief in the Missouri Court of Appeals on June 13, 2022. The appellate court denied that petition two days later. *See In re Phares v. Buckner*, No. SD37594 (Mo. Ct. App. 2022).

Phares filed the instant petition on July 5, 2024. (ECF No. 1). Following initial review of the petition, the Court ordered him to show cause in writing why the case should not be dismissed as time barred. (ECF No. 4). Phares responded to the Show Cause Order on September 23, 2024. (ECF No. 5).

## Discussion

Under 28 U.S.C. § 2244(d)(1), a one-year statute of limitations applies to federal habeas petitions challenging state court judgments. 28 U.S.C. § 2244(d)(1); *Finch v. Miller*, 491 F.3d 424, 426 (8th Cir. 2007). The limitation period begins to run from the latest of:

> (A) the date the judgment became final, either by the conclusion of direct review or the expiration of the time to seek such review;
> (B) the date on which any State-created impediment to filing, established in violation of the Constitution or federal law, was removed;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if newly recognized and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual basis of the claim could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

A judgment becomes final for the purposes of § 2244(d)(1)(A) upon the conclusion of direct review, or upon the expiration of the time for seeking review in the state's highest court. *See*

*Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). For Missouri prisoners who do not file a motion to transfer to the Missouri Supreme Court, the limitations period begins to run fifteen days after the Missouri Court of Appeals affirms a conviction on direct appeal. *See Camacho v. Hobbs*, 774 F.3d 931, 935 (8th Cir. 2015) (stating that when a petitioner foregoes state appeals, the court must look to state-court filing deadlines to determine the expiration of the time for seeking direct review).

The one-year limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review. 28 U.S.C. § 2244(d)(2). However, "the time between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period." *Boston v. Weber*, 525 F.3d 622, 624 (8th Cir. 2008) (citing *Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001)). In other words, the limitations period is not tolled during the period between a judgment's finality date and the filing of an application for post-conviction or other collateral review. Brian R. Means, *Federal Habeas Manual* § 9A:63 (2023).

In response to the Court's Show Cause Order, Phares raises claims of ineffective assistance of counsel, prosecutorial misconduct, and manifest injustice. In doing so, he appears to conflate procedural default with the statutory time limitation. His arguments address the substantive merits of his conviction rather than the timeliness of his petition. He does not allege any state-created impediment or newly discovered evidence under § 2244(d)(1)(B) or (D), nor does he assert any basis for equitable tolling, such as the existence of extraordinary circumstances that prevented him from timely filing his petition.

As the Court explained in its prior order, the Missouri Court of Appeals affirmed Phares's conviction on November 15, 2016. Therefore, direct review concluded on November 30, 2016, and the statute of limitations started running the next day. *See* Mo. Sup. Ct. R. 84.17(b) ("A motion

under this Rule 84.17 shall be filed within 15 days after the court files its opinion[.]"). Phares filed his motion to vacate on February 21, 2017, and the trial court denied the motion on June 28, 2017. The Missouri Court of Appeals affirmed the denial on August 7, 2018, and issued its mandate on August 31, 2018. Phares did not file his first habeas petition in state court until December 13, 2019—over 15 months after the appellate court issued its mandate on the motion to vacate. The statute of limitations was not tolled over those 15 months. *See Boston*, 525 F.3d at 624. Accordingly, the petition is untimely under § 2244(d)(1)(A).

## Conclusion

Under Rule 4 of the Rules Governing Section 2254 Cases, the Court must summarily dismiss a habeas petition if it plainly appears that the petitioner is not entitled to relief. Because it plainly appears from its face that the petition is untimely under § 2244(d)(1), and because Phares has not demonstrated any grounds for equitable tolling or other exceptions, the Court dismisses the petition under Rule 4.

Accordingly,

**IT IS HEREBY ORDERED** that Homer Phares's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus (ECF No. 1) is **DISMISSED**. A separate Order of Dismissal will accompany this Opinion, Memorandum and Order.

Dated this 23rd day of June, 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE